UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KATLYN BLASKO, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Cause 3:18-CV-94-RLM-MGG |
| | ) | |
| WAL-MART STORES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

Katlyn Blasko tore a meniscus when she slipped on what could be found to have been spilled yogurt or smoothie in the main aisle of a Wal-Mart store. She sues Wal-Mart for damages. Wal-Mart has moved for summary judgment, arguing that Ms. Blasko can't point to evidence that would let a jury find that Wal-Mart had knowledge of the spilled liquid. The court heard argument on the motion on February 27, and now grants Wal-Mart's motion.[1]

II. STANDARD OF REVIEW

A summary judgment motion tests whether a trial is needed: if the plaintiff can't win at trial even if the jury believes all of the plaintiff's evidence, a trial is pointless and summary judgment should be granted. The federal courts use a

---

[1] At the hearing, the court informed counsel that based only on a reading of the briefs, the court was inclined to deny the motion. Oral argument and a closer review of the cited cases led the court to change its view.

1

summary judgment standard that is different from the standard used in Indiana courts, so while Indiana law governs what Ms. Blasko must prove, care is needed when looking at Indiana summary judgment rulings to decide a federal summary judgment motion. Austin v. Walgreen Co., 885 F.3d 1085, 1089 (7th Cir. 2018); Jarboe v. Landmark Cmty. Newspapers of Ind., Inc., 644 N.E.2d 118, 123 (Ind. 1994); See also McEwen v. Delta Air Lines, Inc., 919 F.2d 58, 60 (7th Cir. 1990).

Summary judgment is appropriate under the federal rule when "the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact." Protective Life Ins. Co. v. Hansen, 632 F.3d 388, 391-92 (7th Cir. 2011). When no genuine issue of material fact exists, "the movant is entitled to judgment as a matter of law." Dunkin v. Appriss, Inc., 266 F. Supp. 3d 1103, 1106 (N.D. Ind. July 18, 2017). The movant has the burden of demonstrating to the court the basis for its motion that there exists no genuine issue of material fact. Celotex Corp., 477 U.S. at 323. In demonstrating this burden, the evidence must be viewed in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). When the movant has met its burden, the opposing party cannot rely solely on the allegations in their pleadings but must "point to evidence that can be put in admissible form at trial, and that, if believed by the fact-finder, could support judgment in his favor." Marr v. Bank of America, N.A., 662 F.3d 963, 966 (7th Cir. 2011). The non-moving party cannot rely on conclusory allegations. Smith v. Shawnee Library System, 60 F.3d 317, 320 (7th Cir. 1995). Instead, the non-

moving party must affirmatively demonstrate with "*specific facts*" that a genuine issue exists that require trial. Gabrielle M. v. Park Forest-Chicago Heights, Ill. Sch. Dist. 163, 315 F.3d 817, 822 (7th Cir. 2003) (emphasis in original). Failure to prove an essential element of the alleged activity makes other facts immaterial. Celotex, 477 U.S. at 323; Filippo v. Lee Publications, Inc., 485 F.Supp.2d 969, 972 (N.D. Ind. 2007) (the non-moving party "must do more than raise some metaphysical doubt as to the material facts; he must come forward with specific facts showing a genuine issue for trial.").

III. Discussion

Viewed as favorably to Ms. Blasko as is consistent with reason, the summary judgment record would allow a trier of fact to find that late on November 6, 2015, Ms. Blasko was shopping at the Mishawaka, Indiana, Wal-Mart store. As she walked down the main aisle, her left foot slipped and hit her shopping cart, tearing the meniscus in her knee, and underwent surgery. She slipped on an eight-inch (or so) spot of pink liquid, perhaps yogurt or a smoothie. Ms. Blasko saw no containers on the floor. Workers were stocking nearby shelves, but no Wal-Mart employees saw her fall.

Customers at that Wal-Mart can walk around the store with their own liquids. Customers can buy liquids at the Subway that operates in the Wal-Mart. Customers walk the aisles selecting their own items for purchase, so foreign substances can be spilled or left on the floor, causing a hazard to staff and

customers. In part for that reason, Wal-Mart employees with brooms and mops walk the store every two hours to check for spills. When a spill is discovered, it is promptly cleaned up. More employees and cleaners are assigned to high traffic areas. Wal-Mart doesn't always know when, other than within the two-hour timespan, a specific area was inspected for spills.

This court's jurisdiction is based on diversity of citizenship, and the parties agree that Indiana provides the rule of decision in this case. To prove Wal-Mart liable under Indiana law, Ms. Blasko must show that: (1) Wal-Mart owed her a duty, (2) that Wal-Mart breached that duty, and that (3) her injury was proximately caused by this breach of duty. Ford Motor Co. v. Rushford, 868 N.E.2d 806, 810 (Ind. 2007). Her claim fails if any one of these elements isn't satisfied. Pfenning v. Lineman, 947 N.E.2d 392, 406 (Ind. 2011). Indiana law on premises liability defines different duties to different types of visitors. Kopczynski v. Barger, 887 N.E.2d 928, 931 (Ind. 2008). The parties agree that Ms. Blasko was a business invitee[2] while at the Wal-Mart, so Wal-Mart owed her a duty of reasonable care. A foreign substance on the floor of a business generally is the

---

[2] One entering a premises for a business purpose, like a customer looking to purchase certain goods, is an invitee. Burrell v. Meads, 569 N.E.2d 637, 642 (Ind. 1991). The Indiana Supreme Court has adopted the RESTATEMENT (SECOND) OF TORTS § 332, which defines an invitee as "a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of land." RESTATEMENT 2D OF TORTS, § 332 (2nd 1979). "[P]laintiff became a business invitee when [they] arrived at defendant's store." Blackburn v. Menard, Inc., 2014 U.S. Dist. LEXIS 164353, at *10-12 (N.D. Ind. Nov. 24, 2014). A landowner owes "a duty to exercise reasonable care for [the invitee's] protection while [the invitee] is on the landowner's premises. Burrell v. Meads, 569 N.E.2d at 639. This duty is a question of law. Rogers v. Martin, 63 N.E.3d 317 (Ind. 2016).

sort of thing a landowner exercising reasonable care would remedy once the condition was made known to them. Golba v. Kohl's Dept. Store, Inc., 585 N.E.2d 14 (Ind. Ct. App. 1992). The landowner's knowledge of the condition is essential to this aspect of the duty: "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose dangers is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Smith v. Baxer, 796 N.E.2d 242, 244 (Ind. 2003).

This is sometimes framed as whether a landowner had "actual or constructive knowledge" of the alleged danger that harmed plaintiff. Carmichael v. Kroger Co., 654 N.E.3d 1188, 1191 (Ind. Ct. App. 1995) *trans denied*; Cergnul v. Heritage Inn of Ind., Inc., 785 N.E.2d 328, 333 (Ind. Ct. App. 2003). Forgoing the requirement of actual or constructive knowledge, "would essentially give rise to strict liability for slip-and-falls in places of business." Bickel v. Wal-Mart Stores E., LP, 2016 U.S. Dist. LEXIS 131221, at *6-7 (N.D. Ind. Sept. 26, 2016).

Ms. Blasko can't point to any evidence to show (and she doesn't seem to contend) that Wal-Mart had actual knowledge of the pink substance on the store's floor. So the analysis must focus on evidence of constructive knowledge. Wal-Mart says they had no constructive knowledge of the substance on the floor. "There is constructive knowledge when a condition has existed for a such a length of time and under such circumstances that it would have been discovered in time to have prevented injury if the invitor had used ordinary care." Gasser

Chair Co., v. Nordengreen, 991 N.E.2d 122, 126-127 (Ind. Ct. App. 2013). The length of time is important, and can be circumstantial evidence of constructive knowledge. Reid v. Kohl's Dep't Stores, Inc., 545 F.2d 479, 482 (7th Cir. 2008) ("Absent any evidence demonstrating the length of time that the substance was on the floor, a plaintiff cannot establish constructive notice."); see also Torezz v. TGI Friday's Inc., 509 F.3d 808, 811 (7th Cir. 2007); Bickel v. Wal-Mart Stores E., LP, 2016 U.S. Dist. LEXIS 131221 at *7-8.

Ms. Blasko hasn't been able to find evidence of how long the pink substance was on the floor. The summary judgment record would be the same whether the substance was there for seconds or for hours. Ms. Blasko cites several cases for the proposition that the evidence, while sparse, is enough to raise a genuine issue fact. She relies most heavily on two cases that could support a finding of constructive notice in light of the evidence she has.

Golba v. Kohl's Dept. Store, Inc., 585 N.E.2d 14 (Ind. Ct. App. 1992), was decided at a time self-service stores such as Wal-Mart seemed new to the courts. Stella Golba had stepped on a round object on the store floor and fell, injuring her wrist, knee, and back. She wasn't able to find any Kohl's employee who had seen the object on the floor either before or after she fell. She pointed to evidence that Kohl's store policy was to sweep the floors once a day. The Indiana Court of Appeals reversed the trial court's grant of summary judgment because Kohl's had not met the burden placed on it by Indiana's summary judgment rule:

> Examining the evidence in the light most favorable to Golba and drawing all inferences in her favor, we must conclude that there was an object on the

floor upon which she slipped. We must also infer that the object was on the floor for a sufficient amount of time that morning such that we cannot say as a matter of law that there could not have been constructive notice of the object.

585 N.E.2d at 17.

Our court of appeals has counseled care in relying on Golba to resolve a summary judgment motion under the federal rules, because the state and federal rules operate differently:

> In Indiana, a defendant moving for summary judgment must affirmatively disapprove an element of the plaintiff's case. … In federal court, a party moving for summary judgment does not need to present any evidence concerning the non-movant's claim. … All a federal movant has to do his point to the absence of evidence to support the claim. … Therefore, it is not helpful to use Indiana cases as a gauge of evidentiary sufficiency on a summary judgment motion filed in federal court.

Austin v. Walgreen Co., 885 F.3rd 1085, 1089 (7th Cir. 2018). If federal and state summary judgment cases are apples and oranges, greater attention should be paid to state cases addressing the sufficiency of evidence to support a verdict for the plaintiff and to cases based on Indiana law but applying the federal summary judgment rule.

Ms. Blasko directs the court's attention to the Wal-Mart Stores, Inc. v. Blalock, 591 N.E.2d 624 (Ind. Ct. App. 1992), in which a stack of decorative trunks fell on a 75-year-old customer. The court of appeals affirmed the verdict for the customer, and Wal-Mart challenged the sufficiency of the evidence. But the Blalock case provides little help in deciding this motion, because the case turned upon a jury instruction that a landowner is charged with actual knowledge of a condition that was created by the landowner's agent. The court

of appeals held that the instruction was a correct statement of Indiana law and, because Wal-Mart employees had stacked the trunks, upheld the verdict. There is no claim in this case that a Wal-Mart employee put place the pink substance on the floor.

Another case Ms. Blasko relies on is <u>Jordan v. Meijer Stores Ltd. Partnership</u>, 2012 WL 4867422 (S.D. Ind. Oct. 12, 2012), which involved an application of the federal summary judgment rule in a case brought under Indiana common law. Juanita Jordan had slipped on a green been on the floor of a Meijer store. Meijer sought summary judgment claiming that Mrs. Jordan couldn't show that Meijer had actual or constructive notice of the green bean's presence on the floor. The district court approached the issue from a slightly different angle. Meijer had placed green beans in a prominent position in the store because they were on sale. Meijer also knew that customers tended to drop individual beans when bagging them, so the produce clerk undertook to clean up the area every 15 to 20 minutes; in fact, she had cleaned up a pile of green beans about ten minutes before Mrs. Jordan fell. From that evidence, the court held, a jury could find that Meijer had ample notice that there would be beans on the floor – not necessarily the very bean on which Mrs. Jordan slipped, but beans dropped by the customers. If Meijer had that knowledge, the court held, whether cleaning the area every 10 to 20 minutes constituted the exercise of reasonable care was a jury question. Accordingly, the court denied Meijer's summary judgment motion.

The theory that spared Mrs. Jordan from summary judgment offers little guidance in Ms. Blasko's case. Nothing in the summary judgment record suggests that Wal-Mart was on notice that pink liquids were likely to be on the floor where Ms. Blasko slipped. There is no evidence that Ms. Blasko slipped near a place where Wal-Mart had put anything that produced or contained pink liquids. While Meijer knew green beans were likely to be on the floor where Mrs. Jordan slipped, nothing in this record would support an inference that Wal-Mart knew slippery pink liquids were likely to be on the floor where Ms. Blasko slipped.

In <u>Peterson v. Wal-Mart Stores, Inc.</u>, 241 F.3d 603 (7th Cir. 2001), a federal summary judgment case arising under Illinois law on which Ms. Blasko relies, Willard Peterson slipped on spilled shaving lotion. His testimony would have allowed a reasonable jury to find that the lotion had spilled 10 minutes before Mr. Peterson slipped on it. The district judge (and, it seems, both parties) understood Illinois law to say "that 10 minutes is always too short a period for a duty of inspection and cleanup to arise." <u>Id</u>. at 605. Concluding that Illinois recognized no such rule, the court of appeals reversed the grant of summary judgment. Those facts are quite different from Ms. Blasko's case, but she notes that the court of appeals criticized Wal-Mart for presenting evidence that its employees constantly patrolled the aisles in search of spills; evidence of that sort would support an inference "that the employees may have been careless not to have noticed the spilled lotion." <u>Id</u>. But that was dictum, and the court doesn't understand Ms. Blasko to be arguing that Wal-Mart negligently failed to acquire

9

constructive knowledge of the pink substance on the floor the night she was shopping.

Wal-Mart is correct that when the federal summary judgment rule has met Indiana slip-and-fall cases, plaintiffs lose if they don't have more evidence of constructive knowledge than Ms. Blasko has been able to muster. In <u>Bickel v. Wal-Mart Stores East, LP</u>, 2016 WL 5369598 (N.D. Ind. Sept. 26, 2016), Pamela Bickel slipped on a red substance on the floor and fractured her knee cap. Ms. Bickel, like Ms. Blasko, had no evidence as to how long the substance might have been on the floor, and this court granted summary judgment because there was no proof of actual or constructive knowledge. In <u>Austin v. Walgreen Co.</u>, 885 F.3d 1085, 1088–1089, Robin Austin was unable to find any evidence showing how long the water she slipped on had been on the floor. Explaining, "Without evidence that Walgreen had a chance to respond to any hazard, Austin cannot establish knowledge," <u>id</u>., so the court affirmed this grant of summary judgment to Walgreen. *Accord*, <u>Zuppardi v. Wall-Mart Stores, Inc.</u>, 770 F.3rd 644, 651 (7th Cir. 2014) ("here, Zuppardi fails to meet her burden of demonstrating Wal-Mart's constructive notice of the puddle because she presents next to no evidence of how much time elapsed between the spill and the fall.") (decided under Illinois law); <u>Reid v. Kohl's Dept. Stores, Inc.</u>, 545 F.3d 479, 482 (7th Cir. 2008) ("absent any evidence demonstrating the length of time that the substance was on the floor, the plaintiff cannot establish constructive notice.") (decided under Illinois law).

For these reasons, the court GRANTS Wal-Mart's motion for summary judgment [Doc. No. 24]. The clerk shall enter judgment accordingly.

SO ORDERED

ENTERED:   March 21, 2019

                                         /s/ Robert L. Miller, Jr.
                                      Judge, United States District Court